# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 20-60381
Summary Calendar

Arturo Zapata Almanza, *also known as* Arturo Almanza Zapata,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 909 153

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Arturo Zapata Almanza, a native and citizen of Mexico, petitions us for review of a decision of the BIA. He asserts that his claims for asylum, withholding of removal, protection under the Convention Against Torture,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60381

and cancellation of removal were incorrectly denied.  We lack jurisdiction to review factual findings underlying discretionary decisions such as denial of cancellation of removal.  *Patel v. Garland*, 142 S. Ct. 1614 (2022).  We review other factual findings of the Board of Immigration Appeals for substantial evidence, and review all questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Under the substantial evidence standard, reversal is improper unless the evidence compels a contrary conclusion.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996)

We are not compelled to find that Almanza has proven the elements of a future persecution asylum claim.  He first argues that there are dangerous conditions in Mexico, but widespread violence is not persecution.  *Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004).  Additionally, the record does not show that the two social groups proposed by Almanza are distinct enough to be cognizable.  *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239, 244 (BIA 2014).

As Almanza cannot prove an asylum claim, his withholding claim necessarily fails.  *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020).

We are not compelled to find that Almanza has proven that he will, more likely than not, be tortured with the involvement or acquiescence of the Mexican government.  *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).

Finally, Almanza raises no claims of legal error in the BIA's determination that his two young, U.S. citizen children would not suffer exceptional and extremely unusual hardship, a necessary predicate for cancellation of removal.  Because our jurisdiction to review denials of discretionary relief is limited to questions of law, we cannot entertain Almanza's attack on the BIA's factual findings about hardship.  *Patel*, 142 S. Ct. at 1627.  Further analysis of the cancellation elements is unnecessary because the claim is fatally flawed.  *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

No. 20-60381

DENIED.